Appeal from Circuit Court, Elmore County; George F. Smoot, Judge. Violating prohibition law.

RICE, J. Appeal dismissed.

---

(108 So. 926)

Hiram TAUNTON v. STATE. (5 Div. 608.) (Court of Appeals of Alabama. April 20, 1926.) Appeal from Circuit Court, Elmore County; G. F. Smoot, Judge. Violating prohibition law.

RICE, J. Appeal dismissed.

---

(109 So. 926)

Asa TAYLOR v. CITY OF TUSCALOOSA. (6 Div. 54.) (Court of Appeals of Alabama. June 1, 1926.) Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

SAMFORD, J. Appeal dismissed by appellant.

---

(109 So. 926)

Asa TAYLOR v. CITY OF TUSCALOOSA. (6 Div. 53.) (Court of Appeals of Alabama. June 1, 1926.) Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

BRICKEN, P. J. Appeal dismissed by appellant.

---

(106 So. 924)

Charlie TAYLOR v. STATE. (5 Div. 576.) (Court of Appeals of Alabama. Nov. 24, 1925.) Appeal from Circuit Court, Elmore County; George F. Smoot, Judge. Possessing a still.

BRICKEN, P. J. Appeal dismissed on motion of the Attorney General.

---

(109 So. 926)

Sam TAYLOR v. STATE. (6 Div. 954.) (Court of Appeals of Alabama. June 1, 1926.) Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge. Assault to murder.

SAMFORD, J. Affirmed.

---

(110 So. 926)

Pat TAYLOR v. STATE. (1 Div. 703.) (Court of Appeals of Alabama. Nov. 16, 1926.) Appeal from Circuit Court, Mobile County; J. W. Goldsby, Judge. Distilling and possessing a still.

SAMFORD, J. Affirmed.

---

(106 So. 924)

TENNESSEE VALLEY BANK v. P. G. KIMBROUGH. (8 Div. 334.) (Court of Appeals of Alabama. Nov. 3, 1925. Rehearing Denied Dec. 15, 1925.) Appeal from Circuit Court, Morgan County; O. Kyle, Judge. S. A. Lynne, of Decatur, for appellant. Sample & Kilpatrick, of Hartsells, for appellee. Action in trover and trespass by the Tennessee Valley Bank against P. G. Kimbrough. From a judgment for defendant, plaintiff appeals. Affirmed. Certiorari denied by Supreme Court in Tenn. Valley Bank v. Kimbrough, 214 Ala. 700, 106 So. 913.

Persons taking a note, secured by a mortgage, as collateral security only for a pre-existing debt, are bona fide holders. Fortson v. Bishop, 204 Ala. 524, 86 So. 399; Bentley Mer. Co. v. Blackwood, 209 Ala. 169, 95 So. 808; Higman v. Humes, 127 Ala. 404, 30 So. 733; Sullivan v. Williams, 210 Ala. 363, 98 So. 186, 33 A. L. R. 147.

The affirmative charge for plaintiff should not be given, if there is any evidence from which the jury might infer that plaintiff was not entitled to recover. Payne v. Mathis, 92 Ala. 585, 9 So. 605; Bufford v. Raney, 122 Ala. 565, 26 So. 120; Sanders v. Edmonds, 98 Ala. 157, 13 So. 505; Bromley v. Railroad Co., 95 Ala. 397, 11 So. 341.

RICE, J. A statement of the case made by the pleadings and the evidence would not be helpful. The suit was brought by the plaintiff (appellant) bank against the defendant (appellee), and involved the title to certain items of personal property originally belonging to one Runager. The principal insistence of error here made by appellant, or, at any rate, the insistence of error in the only ruling which might cause the case to be reversed is on account of the action of the trial court in refusing to give at plaintiff's request the general affirmative charge in its favor. In the view we take of the case, neither this action of the court, nor any other of which complaint is made, can avail the appellant. A careful study of the record reveals that the jury were authorized to find—certainly not precluded from finding—that subsequent to the time of the execution of what we will call the first Runager mortgage to McCullough, and after the execution of the Austin mortgage, attested by McCullough, under which defendant, appellee, holds and claims, the note from McCullough to the appellant, for which the said first Runager mortgage was pledged as collateral, was paid in full. This being true, and the burden being on appellant to show title in itself, we are of the opinion that the trial court might well have given the general affirmative charge in favor of the appellee. Adopting, though, perhaps the safer course, the trial court, under a very full and fair oral charge, submitted all the litigated questions, which resolved themselves into ones of fact, to the jury. There being no prejudicial error in the record, the judgment is affirmed.

---

(107 So. 927)

Joe THAMES v. STATE. (4 Div. 935.) (Court of Appeals of Alabama. April 13, 1926.) Appeal from Circuit Court, Coffee County; A. B. Foster, Judge. Violating prohibition laws.

RICE, J. Appeal dismissed on motion of appellant.